## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| BBSR, LLC,<br><br>                         Plaintiff,<br><br>          v.<br><br>ANHEUSER-BUSCH, LLC,<br><br>                         Defendant. | Case No.:  3:22-cv-00544 |

## PLAINTIFF'S MEMORANDUM OF LAW
## <u>IN SUPPORT OF ITS MOTION TO REMAND</u>

**ROCHE FREEDMAN LLP**

Amos Friedland

99 Park Avenue, Suite 1910
New York, New York 10016
T: (646) 970-7519
afriedland@rochefreedman.com

*Counsel for Plaintiff BBSR, LLC*

Plaintiff, BBSR, LLC ("BBSR"), respectfully submits this Memorandum of Law in Support of its Motion to Remand.

## PRELIMINARY STATEMENT

Defendant, Anheuser-Busch, LLC ("Anheuser-Busch"), seeks to remove this action, which alleges solely state law claims, from Connecticut state court on the basis of purported diversity jurisdiction. BBSR and Anheuser-Busch, however, are both citizens of Delaware. Accordingly, absent complete diversity, this Court must remand this action to state court.

## FACTUAL BACKGROUND

On March 16, 2022, BBSR served Anheuser-Busch with a summons and complaint asserting claims for declaratory judgment, breach of contract, breach of the implied covenant of good faith and fair dealing, violation of the Connecticut Unfair Trade Practices Act, and contractual indemnification. ECF No. 1 ¶ 1. On March 21, 2022, BBSR filed the complaint in Connecticut Superior Court, in the Judicial District of Stamford, Case No. FST-CV22-6055942-S. *Id.* ¶ 2. On April 14, 2022, Anheuser-Busch filed a Notice of Removal in this Court, arguing that the case is removable on the basis of diversity jurisdiction under 28 U.S.C. § 1332.

## LEGAL STANDARD

"In evaluating the propriety of a removal, courts start with the baseline principle that federal courts are courts of limited jurisdiction." *Sea Green Holdings, LLC v. Angera*, No. 18 Civ. 0264, 2018 WL 1737643, at *2 (D. Conn. Apr. 11, 2018) (quoting *Veneruso v. Mount Vernon Neighborhood Health Ctr.*, 933 F. Supp. 2d 613, 618 (S.D.N.Y. 2013)). Pursuant to 28 U.S.C. § 1441, "a civil action filed in state court may be removed by the defendant to federal district court if the district court has original subject matter jurisdiction over the plaintiff's claim." *Lupo v. Hum. Affairs Intern., Inc.*, 28 F.3d 269, 271 (2d Cir. 1994).

In deciding whether to grant a motion to remand, courts must first determine "whether the case originally filed in the state forum was properly removed to the federal court." *Monahan v. Holmes*, 139 F. Supp. 2d 253, 256 (D. Conn. 2001). Federal courts have original jurisdiction over cases where the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. *See Angera*, 2018 WL 1737643, at *2. "Citizens of different States means that there must be complete diversity, *i.e.*, that each plaintiff's citizenship must be different from the citizenship of each defendant." *Hallingby v. Hallingby*, 574 F.3d 51, 56 (2d Cir. 2009) (internal quotation marks omitted).

In assessing whether diversity exists between limited liability company (LLC) parties, courts look to the citizenship of each member of the LLCs. *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 195 (1990); *see also Semack v. 35 Hamden Hills Drive, LLC,* No. 12 Civ. 1057, 2013 WL 395486, at *3 (D. Conn. Jan. 31, 2013) (Arterton, J.) ("[B]ecause Defendant is a limited liability company, the citizenship of all of its members determines whether diversity of citizenship exists."). "A corporation has dual citizenship for purposes of a federal court's diversity jurisdiction under 28 U.S.C. § 1332; namely, it is a citizen of the state of its incorporation and the state where it has its principal place of business." *Semack*, 2013 WL 395486, at *3 (quoting *In re Balfour MacLaine Intern. Ltd.,* 85 F.3d 68, 76 (2d Cir. 1996)); *see also Andreoni v. Forest City Enters., Inc.*, 660 F. Supp. 2d 254, 259 (D. Conn. 2009) (Arterton, J.). A corporation's principal place of business is the "place where a corporation's high level officers direct, control, and coordinate the corporation's activities[.]" *Hertz Corp. v. Friend*, 559 U.S. 77, 78 (2010).

"Where, as here, jurisdiction is asserted by a defendant in a removal petition, it follows that the defendant has the burden of establishing that removal is proper." *United Food & Comm.*

*Workers Union v. CenterMark Props. Meriden Square*, 30 F.3d 298, 301 (2d Cir. 1994). In "light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability." *Lupo*, 28 F.3d at 274.

<u>**ARGUMENT**</u>

The parties, which are both LLCs, are not citizens of different states. The sole member of BBSR is BBSR Management, Inc., a Delaware corporation. *See* Declaration of A. Friedland in Support of Motion to Remand (filed herewith), Exs. A-D. BBSR Management, Inc. has dual citizenship for purposes of diversity jurisdiction—"it is a citizen of its state of incorporation and a citizen of the state where it has its principal place of business." *Semack*, 2013 WL 395486, at *3. BBSR Management, Inc. is thus a citizen of Delaware.[1]

"Defendant Anheuser-Busch, LLC is a Missouri limited liability company with its principal place of business at One Busch Place, St. Louis, Missouri 63118." ECF No. 1 ¶ 9. "The sole member of Anheuser-Busch, LLC is Anheuser-Busch Companies, LLC, a Delaware limited liability company with its principal place of business at One Busch Place, St. Louis, Missouri 63118." *Id.* "The sole member of Anheuser-Busch Companies, LLC is Anheuser-Busch InBev Worldwide, Inc., a Delaware corporation with its principal place of business at One Busch Place, St. Louis, Missouri 63118." *Id.* Defendant is thus a citizen of Delaware and Missouri.

The parties are thus both citizens of Delaware. The only basis for federal jurisdiction that Anheuser-Busch asserts is diversity jurisdiction. ECF No. 1. Anheuser-Busch has therefore failed to demonstrate proper grounds for removal. The Court must remand the action. *See, e.g.*,

---

[1] The Court need not reach the issue of BBSR Management, Inc.'s principal place of business, because complete diversity is lacking by virtue of the company's incorporation in Delaware.

*Szewczyk v. Wal-Mart Stores, Inc.*, No. 09 Civ. 1449, 2009 WL 3418232, at *3 (D. Conn. Oct.

19, 2009) (Arterton, J.) (remanding for lack of complete diversity).

## <u>CONCLUSION</u>

Plaintiff respectfully requests, for the foregoing reasons, that the Court grant Plaintiff's

Motion to Remand.


Dated:  New York, New York
        April 18, 2022

Respectfully submitted,

**ROCHE FREEDMAN LLP**


*/s/ Amos Friedland*
Amos Friedland (Juris No. 429133)
99 Park Avenue, Suite 1910
New York, New York 10016
Tel.  (646) 970-7519
afriedland@rochefreedman.com